Statement.

## Richmond.

CHILDRESS' ADM'X *v.* CHESAPEAKE & OHIO RAILWAY CO.

January 7, 1897.

1. PLEADING—*Declaration—Defective counts—Harmless error.*—Where two counts in a declaration in an action for personal injuries state in detail all the circumstances connected with the occurrence, and there has been a verdict for the plaintiff, which was set aside on a demurrer to the evidence, the Court of Appeals will not reverse the judgment of a trial court sustaining a demurrer to another count in the declaration stating the same case in very general terms, although the count may have been good. If there was error, it was harmless.

2. EVIDENCE—*Dangerous locality—Opinions of witnesses.*—In an action for personal injuries, witnesses cannot be allowed to express their opinions as to whether the locality at which the injury was inflicted was dangerous or not.

3. BILL OF EXCEPTIONS—*When not considered by Appellate Court—Relevancy of evidence—Answer of witness.*—If a bill of exception to the ruling of the trial court allowing or refusing to allow a question to be answered by a witness, fails to give the answer of the witness, or what is expected to be proved by him, the Appellate Court cannot determine the relevancy, admissibility, or value of the answer, and the exception will not be considered.

4. DEMURRER TO EVIDENCE—*What is admitted—Case at bar—Railroad crossing.*—By a demurrer to the evidence the party is considered as admitting the truth of his adversary's evidence, and all just inferences which can be properly drawn therefrom by a jury, and as waiving all of his own evidence which conflicts with that of his adversary, and all inferences from his own evidence (although not in conflict with his adversary's) which do not necessarily result therefrom. Upon the evidence in the case at bar the demurrer to the evidence was properly sustained.

Error to a judgment of the Circuit Court of Henrico county rendered April 13, 1893, in an action of trespass on the case wherein the plaintiff in error was the plaintiff, and the defendant in error was the defendant.

*Affirmed.*

The opinion states the case. The diagram referred to in the opinion is given below.

Statement.

Darbytown Road Crossing

Peninsular Division C. & O. Ry.

Scale 50 ft. to an inch.

F. B. Isaacs A.E.

Sept. 30, 1892.

C. & O. Property Line.

Edge of Cut

to Richmond

R. R. Crossing Signal

Wagon Road

Main Line Peninsular Div. C. & O. Ry. East

Darbytown Road

Edge of Cut

Note:—

From A to B is 45 ft.
  "   A  "  C  "  55  "
  "   A  "  D  "  180 "

Point "D" is in view from point "C".
From Point "B" can see 180 ft. and more eastwardly along track.

*Pollard & Sands*, for the plaintiff in error.

*H. T. Wickham* and *W. J. Robertson*, for the defendant in error.

KEITH, P., delivered the opinion of the court.

The administratrix of William H. Childress brought an action of trespass on the case in the Circuit Court of Henrico county against the C. & O. Rwy. Co. to recover damages for the death of her intestate, which she alleges was caused by the negligence of the defendant company.

There are three counts in the declaration, the first of which states in the most general terms that the defendant company, while operating its road in the county of Henrico, "carelessly, negligently, and improperly behaved and conducted itself in and about the management, direction, and control of its engine and cars, * * * and by and through the default, carelessness, negligence, etc., of the servants of the defendant * * * with great force and violence the engine was driven against William H. Childress," by means whereof injuries were inflicted from which he died.

The second and third counts state in detail all the circumstances connected with the occurrence.

To this declaration and to each count thereof the defendant demurred, and the court overruled the demurrer to the second and third counts and sustained it as to the first count. The defendant thereupon pleaded "not guilty," the jury was sworn, and evidence adduced on the part of the plaintiff and the defendant. The defendant then demurred to the evidence. The jury rendered a verdict in favor of the plaintiff, subject to the opinion of the court upon the defendant's demurrer to the evidence, and the Circuit Court entered judgment for the defendant. Whereupon the plaintiff in error applied for and obtained a writ of error from one of the judges of this court.

The first error assigned in argument, though not relied

upon in the petition, is to the action of the Circuit Court in sustaining the demurrer to the first count in the declaration.

While this count is very general .in its terms, we are not prepared to say that the demurrer to it should have been sustained.    It does not differ materially from the count in the declaration which was sustained in the case of the *B. & O. R. R. Co.* v. *Sherman's Adm'r*, 30 Gratt. 602, but, inasmuch as the circumstances attending the accident are specifically set out in the second and third counts, we think that no injury could have resulted from the court's judgment, and therefore overrule this assignment of error.

During the trial of the case the plaintiff in error asked a witness the following question: "State what is the locality, whether it was dangerous or not."    To this question the defendant company objected, and the court sustained its objection, and thereupon the plaintiff in error excepted.

The question as propounded called for an expression of opinion on the part of the witness, and was properly excluded by the court.

The rulings which constitute the subject matter of bills of exceptions Nos. 4 and 5 are obnoxious to the same objection that has been pointed out with respect to bill of exceptions No. 3.    In each case the opinion of the witness was called for by the question propounded, and was properly excluded by the court.

In bill of exceptions No. 5, a witness was asked by the plaintiff: "Have you or not ever run any risk in going across there?"    (Referring to the crossing at which the accident occurred.)    To this question the defendant in error objected and its objection was sustained by the court.    The witness was then asked: "Has the railroad ever had any notice of the risk that has been run there?"    (Again referring to the crossing above alluded to.)    The defendant in error objected to this question also, and the court sustained the objection, and the plaintiff in error excepted.    The answer which the witness

made, or would have made had he been allowed to answer, is not given in the record, and we are therefore unable to determine its relevancy, admissibility, or value.   This exception must, therefore, be overruled.   See opinion in *Union Central Life Ins. Co.* v. *Pollard, ante,* p. 146.

This disposes of all the assignments of error except that presented in the bill of exceptions taken to the action of the court in entering judgment in favor of the defendant upon the demurrer to the evidence.

The principles governing the court in passing upon demurrers to evidence were fully considered in the case of *Johnson's Adm'x* v. *C. & O. Rwy. Co.,* 91 Va. 171.   The law is stated by Judge Riely in a manner so clear and satisfactory as to render it unnecessary to do more than refer to it.   It is there said: "By the demurrer to the evidence the party demurring is considered as admitting the truth of his adversary's evidence, and all just inferences which can be properly drawn therefrom by a jury, and as waiving all of his own evidence which conflicts with that of his adversary, and all inferences from his own evidence (although not in conflict with his adversary's) which do not necessarily result therefrom."

Let us examine the testimony in this case in the light of the rule thus enunuciated.

At the point where the accident occurred the county road leading from Richmond to Darbytown crosses the C. & O. R. R. tracks so that a person passing along the wagon way going from Richmond in the direction of Darbytown would have upon his right hand an angle of about forty-five degrees formed by the line of the county road intersecting the line of the railway, and would have upon his left an angle formed by these two lines correspondingly greater than a right angle. At the point "C," as shown by the evidence and diagram, a traveller upon the county road passing from Richmond in the direction of the railroad has emerged from a cut (the embankment of which up to that point obstructs the view) so as to

be able to see and to be seen from the point "D" on the line of the railway which would be upon his left, and is 130 feet to the east of the intersection of the county road and railway. It will be observed also that between the cut and the railway there is a wagon road diverging from the Darbytown road to the left of the traveller, and therefore upon the side of the obtuse angle into which a horse and vehicle could be guided without making an abrupt turn. From the point "C" to the railroad there is a descending grade, the degree of which is not stated. From the point "B," ten feet nearer the railroad than the point "C," there is an unobstructed view of the railway to the left and east for at least 1,800 feet. Upon the occasion of the death of the plaintiff's intestate he was moving down the Darbytown road in an open vehicle drawn by a mule. The only direct evidence as to the accident is given by the engineer, fireman, and brakeman of the train. From their testimony it appears that upon reaching the whistling post, placed at the usual distance to the east of the crossing, the appropriate signal was sounded, and thereupon the fireman commenced to ring the bell on the engine, and continued to ring it until the accident occurred. When within 180 feet of the crossing, Childress was seen by the engineer sitting upon the floor of his wagon, his mule moving in the direction of the crossing, and about fifty or sixty feet from it. The alarm whistle was immediately sounded, and the brakes applied, but Childress paid no attention whatever to the signal. He did not stop, or look, or listen, or appear to be in any degree conscious of the approach of the train, notwithstanding the efforts to attract his attention. He might have stopped his mule. He might have turned from the road which led across the track into the road which passes between the cut and the line of railway. He did neither, but kept straight ahead, and the result was inevitable. The evidence shows that the slightest precaution upon his part would have avoided the accident, and that his own negligence not only contributed

to his misfortune, but was its proximate cause.   Nor have we been able to discover in the record any evidence whatever tending to fix negligence upon the defendant company or its employees.   There is some diversity among the witnesses as to the sounding of the alarm signals, which, according to the testimony of the engineer, fireman, and brakeman, were given immediately upon the discovery of the position of the intestate of the plaintiff in error, but there is no such contradiction between their statements and the testimony of witnesses adduced by the plaintiff in error as would require us to reject the one and accept the other.   Some of the witnesses did not hear the danger signals which immediately preceded the accident, and they differ somewhat as to the order in which the signals were given, but there can be no doubt that the usual signal was given at the whistling post, and that the bell was continuously rung from that time until the accident occurred; and the positive evidence of all who were in a position to speak with certainty is to the effect that the danger signals were given as soon as the necessity for them appeared.

We are of opinion that there was no error in the judgment of the Circuit Court, and it is therefore affirmed.

*Affirmed.*