## THE ROCKFORD CITY RAILWAY COMPANY

*v.*

## MASON BLAKE.

*Opinion filed June 18, 1898.*

1. MUNICIPAL CORPORATIONS—*city cannot determine what acts by street railway company shall be negligence.* A city may adopt proper police regulations concerning the management of street railways, but has no power to determine when or under what circumstances a street railway company will be guilty of negligence, so as to authorize a recovery by a person injured.

2. EVIDENCE—*when city ordinance is not admissible in action for negligence.* In an action against a street railway company for an injury received by plaintiff on being thrown under a passing car while attempting to hold a frightened horse, it is error to admit in evidence a city ordinance providing that upon the appearance of danger to any person upon or near the track the car must be stopped, if an injury will thereby be averted.

3. SAME—*when testimony as to condition of brakes at times prior to the accident is properly admitted.* In an action against a street railway company for negligence in failing to stop a car, the testimony of a witness as to the condition of the brakes on the car at times prior to the accident is properly admitted, where he also testifies that the condition remained unchanged up to the time of the injury.

4. APPEALS AND ERRORS—*harmless error will not work a reversal.* Harmless error in the admission of evidence or in the rulings on instructions is not ground for reversal.

*Rockford City Railway Co.* v. *Blake,* 74 Ill. App. 175, affirmed.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Winnebago county; the Hon. JAMES SHAW, Judge, presiding.

A. E. FISHER, and R. N. BAYLIES, for appellant.

FROST & MCEVOY, for appellee.

Per CURIAM: This was an action brought by Mason Blake, a boy twelve years old, against the Rockford City Railway Company to recover for an injury resulting in

the loss of a leg on the night of July 12, 1892. On a trial before a jury plaintiff recovered a judgment for $2000, which, on appeal, was affirmed in the Appellate Court.

It appears from the evidence that about nine o'clock on the night of the accident, Louis C. Blake, a brother of the plaintiff, was riding a pony on the streets of Rockford. He came near where the plaintiff and another boy, Roy Warren, were sitting near a post, and got off. The pony seemed to be afraid of something and commenced to back onto the street car track, and Louis called on his brother to help hold the animal. He took hold of the bridle and his finger become fastened in the martingale ring, and as the street cars approached he was thrown under one of them and received the injury complained of.

Whether the plaintiff was in the exercise of ordinary care at the time of the injury, and whether the street car company was guilty of negligence which resulted in the injury as charged in the declaration, are questions of fact settled by the judgment of the Appellate Court in favor of the plaintiff. It is, however, claimed that the court erred in its rulings on the admission of evidence, and under this head it is insisted that the court erred in admitting in evidence section 8 of an ordinance in force at the time of the accident, which reads as follows: "All conductors, motoneers, drivers and persons employed upon street cars shall use reasonable and proper care and diligence to prevent injury or damage to persons, teams or vehicles, and upon the appearance of danger to any such person, team or vehicle upon or near the track the car shall be stopped, when by so doing such injury or damage may be averted."

It is no doubt true that the city of Rockford had the power, by ordinance, to regulate the speed of street cars within the city, and perhaps other wholesome police regulations might be adopted in regard to the management and running of cars; but we do not think the city was clothed with power to determine when or under

what circumstances a street car company would be guilty of negligence upon which a recovery might be predicated by a person who may have been injured. It was the duty of the court to instruct the jury in regard to the law by which they should be governed in determining the liability or non-liability of the street car company for the injury complained of, and the ordinance could have no bearing on that question. We think it is clear that the court erred in permitting the ordinance to be read in evidence. But while the ordinance was improperly admitted in evidence we do not think its admission was prejudicial to the rights of appellant. The court, at the request of the respective parties, fully instructed the jury in regard to the law involved in the case, and by the instructions the duty of the jury was so plainly outlined that we do not see how the admission of the ordinance could have misled, and if the error was harmless it is no ground for a reversal of the judgment.

It is also claimed that the court erred in the admission of the evidence of the witnesses Dyer and Eaton, in regard to the condition of the brakes on the street car, on the ground that their evidence was not confined to the precise time that the accident occurred. The witness Eaton testified that his attention had been called to the brakes on the car at different times before the accident, and then testified that the brakes were in bad order about the time of the accident. We see no substantial objection to the evidence. As to the evidence of the witness Dyer, he testified that he frequently examined the brakes before the accident, but how long before he could not tell, but that the brakes remained in the same condition all the way down to the time of the accident. We think under the facts disclosed the court properly allowed the witness to testify as to the condition of the brakes.

A few other objections are made in the argument of counsel in regard to the ruling of the court on the evi-

dence, but after a careful examination of the record we find no substantial error in the ruling in this regard.

No substantial objection has been pointed out in the argument to the instructions given for the plaintiff, and upon examination we find no substantial objection to them. The court, at the request of defendant, gave thirteen instructions to the jury as asked, except the last one, which was slightly modified. The modification was, however, so slight that it did not make any material change in the instruction. So far as the law involved in the case is concerned we think the jury were fully and fairly instructed, and appellant has no just ground to complain of the ruling of the court on the instructions.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*