| 99 | 385 |
| 100 | 856 |
| 99 | 385 |
| 102 | 27 |
| 102 | 696 |
| 99 | 385 |
| f108 | 90 |

# Richmond.

## MEYERS SONS v. FALK.

### MARCH 28, 1901.

1. PLEADING—*Estoppel—Depositions—Failure to Object.*—If, when a deposition is offered to be filed in an action at law before trial, a party declines to state whether he objects to the filing or not he will be thereafter estopped to object that the deposition was not duly filed.
2. MASTER AND SERVANT—*Incompetent Servant—Defective Machinery—Knowledge of Master.*—A master's knowledge of the incompetency of a servant, or of defects in machinery, may be established by showing either actual knowledge, or such frequent acts of incompetency on the part of the servant, or the existence of the defects for such length of time that the law would presume knowledge.
3. APPEAL AND ERROR—*Evidence—General Objection—Special Objection.*—A general objection to evidence will not be considered on appeal if the evidence is admissible for any purpose. If a party desires to have the evidence limited to a particular purpose he should ask the court to so instruct the jury, and, if the request be refused, except to the refusal.
4. INSTRUCTIONS—*Jury Sufficiently Instructed—Refusal of Instructions.*—After a jury has been sufficiently and correctly instructed it is not error to refuse other instructions, although they may correctly state the law, as repeated statements of the law, in different forms, simply tend to confuse and mislead the jury.
5. APPEAL AND ERROR—*Conflicting Evidence—Verdict.*—Where the jury has been properly instructed on conflicting theories of a case, and the evidence is conflicting, the verdict will not be disturbed, on appeal.

Error to a judgment of the Law and Equity Court of the city of Richmond, rendered February 13, 1900, in an action of tresspass on the case, wherein the defendant in error was the plaintiff, and the plaintiffs in error were the defendants. Judgment for $4,750.

*Affirmed.*

The opinion states the case.

*P. H. C. Cabell* and *L. O. Wendenburg*, for the plaintiffs in error.

*Meredith & Cocke*, for the defendant in error.

HARRISON, J., delivered the opinion of the court.

This action was brought to recover damages for an injury alleged to have been received by the plaintiff when stepping out of an elevator in the store of the defendants, where she was employed as a saleswoman.

It appears that the plaintiff had been in one of the upper stories of the establishment, and, after making a sale, was returning with the customer, on the elevator, to the lower floor; that when she attempted to leave the elevator she made a false step, in consequence of the elevator being six or eight inches above the level of the floor, and injured her knee, resulting in the loss of her leg, which had to be amputated.

Two grounds of liability are alleged.

First. That the defendants negligently failed to exercise reasonable and ordinary care in the selection of a competent person to manage and operate the elevator, and that by reason of the negligent and careless management of such person, the plaintiff was injured.

Second. That the defendants carelessly and negligently allowed the elevator to be in such improper and unsafe condition and repair as to cause or permit the same improperly, and against the intent, purpose, and management of the person in charge, to suddenly rise or jump up several inches after the same had been brought to a proper standstill on a level with the floor; and that the injury complained of was the result of this defective action of the elevator as the plaintiff was about to leave it.

The trial in the lower court resulted in a verdict and judg-

ment in favor of the plaintiff, which we are asked to review and reverse.

The action of the court in permitting a paper writing purporting to be the deposition of George Jefferson to be read to the jury in behalf of the plaintiff is assigned as error.

It appears that the counsel of either party had, by tacit understanding, access to the deposition in the hands of the notary, and the privilege, which both exercised, of removing it at pleasure for the purpose of reading it; that on the day of the trial, and before the jury were sworn, the plaintiff's counsel brought the deposition into court and moved that it be filed. In response to the court's inquiry, whether there was any objection to the deposition being filed, counsel for the defendants replied, that they declined to say whether they objected to the filing or not. Thereupon the court ordered the deposition to be filed. In the progress of the trial, after the plaintiff had introduced several witnesses, she offered to read the deposition in question. The defendants objected, upon the ground that the deposition had not been signed, certified, and transmitted to the clerk by the notary as required by statute.

This objection is without merit. It was the duty of the defendants' counsel, when called upon, before the trial began, to state any objection they had to the filing of the deposition, in order that the plaintiff might have the opportunity to cure the irregularities complained of. Having failed to speak when they should have done so, they are now estopped to make the objection relied on.

A number of exceptions were taken to the action of the court in refusing to sustain the defendants' objection to certain questions and answers in the deposition of George Jefferson and other witnesses whose testimony was given on the trial.

The elevator had not been in use more than six months, and the purpose of the testimony objected to was to show that it had been defective continuously from the beginning to the date of

the accident, and to show that the elevator boy was, continually during the time of his service, incompetent, and thereby to establish the defendants' knowledge of these facts.

Knowledge of the incompetency of the elevator boy could have been brought home to the defendants by showing either that they saw his acts of negligence, or that such acts of negligence occurred so frequently that the law would presume knowledge thereof. So, knowledge of the defective condition of the elevator could be shown by proving actual knowledge on the part of the defendants, or by showing that it had been out of condition for such length of time that the law would presume knowledge on their part. For the purpose of showing that the defendants knew, or by the exercise of ordinary care ought to have known, of the negligence alleged, the evidence in question was relevant and proper. 1 Shear & Red. Neg. (5th ed.), secs. 192, 203a; *Bailey* v. *R. R. Co.*, 139 N. Y. 302; *Hilts* v. *R. R. Co.*, 5 Mich. 437; *Rockford Ry. Co.* v. *Blake*, 173 Ill. 354; *District of Columbia* v. *Arms*, 107 U. S. 519.

If the defendants had desired to have the consideration of this evidence limited to the particular purpose for which it was introduced, they should have asked the court to instruct the jury accordingly. The court having admitted the evidence generally, and the objection being general, this court will not interfere with that action, if it appear that the evidence was admissible for any purpose.

In Taylor on Evidence the rule is stated thus: "When evidence is offered for a particular purpose, and an objection is taken to its admissibility for that purpose, if the judge pronounce in favor of its general admissibility in the cause, the court will support his decision, provided the evidence be admissible for any purpose. The opposing counsel should, in such a case, call upon the judge to explain to the jury that the evidence, though generally admissible in the cause, furnishes no proof of the particular fact in question; and then, should the judge refuse to make the ex-

planation required, an application might be made to the court above for a new trial on the ground of misdirection." 3 Taylor on Ev., sec. 1881-B; Greenleaf on Ev. (14th ed.), 680 note; *Cluverius Case*, 81 Va. 787; *District of Columbia* v. *Arms*, 107 U. S. 519.

Objection is made to the instructions given by the court, and exception taken to the refusal to give certain instructions asked for by the defendants. It is not necessary to comment in detail upon the eleven instructions given by the court. Taken as a whole, they fully state the law, and fairly submit the case to the jury. All that was proper in the instructions refused was embraced in the instructions given, and to have added repeated statements of the law, in somewhat different form, would have only tended to confuse and mislead the jury. It does not appear that the defendants have been in any way prejudiced by the court's action in giving to the jury the law applicable to the case.

The only remaining assignment of error is to the refusal of the court to set aside the verdict as contrary to the law and the evidence.

The evidence was conflicting. Two theories being propounded, the one that the defendants were guilty of negligence, and the other that the plaintiff was guilty of contributory negligence. As already stated, the jury were properly instructed as to the law applicable to each theory, and they have accepted the view favorable to the plaintiff, and this conclusion has been approved by the learned judge who presided at the trial. Under these conditions, upon well settled principles, this court will not disturb the verdict.

For these reasons, the judgment must be affirmed.

*Affirmed.*