## 𝔚𝔶𝔱𝔥𝔢𝔳𝔦𝔩𝔩𝔢

### HOLLADAY V. MOORE.

#### June 12, 1913.

1. BILLS OF EXCEPTION—*Contents—Excluding Answer of Witness.*— Where exception is taken to the ruling of the trial court refusing to permit a witness to answer a question, the bill of exception must show what answer was expected of the witness, else the appellate court cannot tell whether or not the witness had any knowledge on the subject or the question was relevant or material. The same rule applies to questions on cross-examination as to questions in chief.

2. EJECTMENT—*Outstanding Legal Title—Plaintiff's Title.*—An outstanding legal title in another, whether that other be a stranger, the Commonwealth or the defendant, will defeat a recovery by the plaintiff in an action of ejectment. A plaintiff in ejectment must recover upon the strength of his own title, and to this rule there are few exceptions.

3. EJECTMENT—*Outstanding Legal Title—Nature of.*—An outstanding title in another to defeat an action of ejectment must be a present, subsisting and operative legal title upon which the owner could recover if asserting it by action.

4. EJECTMENT—*Plaintiff's Title—Peaceable Possession.*—Prior peaceful possession by the plaintiff in ejectment or those under whom he holds, claiming to be the owner in fee, if proved, is *prima facie* evidence of ownership and seizing, and is sufficient to authorize recovery unless the defendant shall show a better title in himself or another, such as is described in paragraph 3 above.

Error to a judgment of the Circuit Court of Prince Edward county in an action of ejectment. Plaintiff assigns error to a judgment for a less amount of land than he claimed.

*Reversed.*

Instructions 3 and 4 offered by the plaintiff, but *rejected* by the court were as follows:

(3)   The court instructs the jury that an outstanding title in another to defeat an action of ejectment must be present, outstanding, operative and available legal title on which the owner could recover against the other contending party if asserting it by action.

(4)   The court instructs the jury that prior peaceful possession by the plaintiff or those under whom he holds, claiming to be the owner in fee, if proved, is *prima facie* evidence of ownership and seizin and is sufficient to authorize a recovery unless the defendant shall show a better title and in the case at bar, if the jury shall believe from the evidence that R. L. Dabney conveyed to Richard McIlwaine, the tract of land in the plaintiff's declaration mentioned on the first day of August, 1884, and admitted to record May 26, 1885, and that Richard McIlwaine was in possession of said tract of land up to the 22nd day of Dec. 1908, and then conveyed the property to W. M. Holladay, the plaintiff, and that W. R. Moore did not receive title to his property until the day of September, 1891, and admitted to record Jan. 21, 1892, and that there was no record evidence of the conveyance by R. L. Dabney to W. R. Moore or to Margarette V. Hannah; then they must find for the plaintiff.

The following instructions were given by the court on the motion of the plaintiff:

No. 1. The court instructs the jury that in questions of boundary, natural objects called for, marked lines and reputed boundaries well established, visible monuments such as water courses and the like, between two tracts of land, should be preferred to calls and distances of the grant.

No. 2. The court instructs the jury that the question in this case is not how would an accurate survey locate the lots in question, but how did the original survey and plat locate them. The only purpose of the evidence of the sur-

veyors who have made the recent surveys is to enable the
jury to locate the original boundary, if possible, and not
for the purpose of determining where they ought to have
been, or where they would have been by an accurate survey.

No. 5. The court instructs the jury that if they believe
from the evidence that the plaintiff has proven a good
legal title to the land in controversy, either from the Com-
monwealth or from a common source, to which the de-
fendant traces his title or has proven either in himself
or his grantors continuous, open, notorious, visible, peace-
able and adverse possession for fifteen years under claims
of title of said land here in controversy; then they must
find for the plaintiff.

The court also gave the following instructions on the
motion of the defendant:

(1) The court instructs the jury that the burden in the
case is upon the plaintiff, Holladay, to prove to the satisfac-
tion of the jury that he had a complete legal title to the
premises claimed by him, and the right to the possession
thereof at the institution of this suit, before he can recover,
and that he must recover, if at all, on the strength of his
own title, and cannot rely on any weakness of the title of
the defendant, and that in order to recover, he cannot rely
merely upon a comparison between himself and the defen-
dant, but must prove affimatively, that he is entitled to
the premises and that the defendant is not entitled before
a recovery can be had.

(2) The court instructs the jury that the plaintiff can-
not recover by showing a conflict of claims between himself
and the defendant, but he must show affirmatively by a
preponderance of evidence that his claim to the premises
is positive, valid and complete, as the possession of the de-
fendant of the premises claimed is valid against everyone
except a plaintiff proving a superior title.

(3) The court further instructs the jury that adverse

possession consists of a claim made by the party relying
upon such claim accompanied by a denial of the rights of
all other persons to said premises.  That the cultivation of
the land and paying taxes thereon, and the use made of
.said property are only incidents in determining whether
such adverse claim has been made in good faith by the
party so claiming it, and that no specific acts of cultiva-
tion or use of said property is necessary to constitute said
adverse claim, and if the jury believe from the evidence that
the defendant, Moore, has made such adverse and con-
tinuous open, visible and notorious claim, for a period of
fifteen years prior to the beginning of this suit, to all or
any part of the strip of land in controversy, under color of
title, as occasion required, and has claimed the same as
occasion required, that such acts are sufficient to consti-
tute his right to the premises so claimed under color of
title.

(4)  The court instructs the jury that adverse posses-
sion for a period of fifteen years under color of title con-
fers a complete legal title upon the party possessing for
that period, as if his title were derived by descent, will or
deed, and if they believe from the evidence in this case
that the defendant Moore has held adverse, continuous, visi-
ble, open and notorious possession of the premises claimed  ·
by Holladay or any part thereof, under color of title, for
a period of fifteen years, that such possession vests the
title in Moore of the premises so held as effectively as
would a deed to same.

(5)  The court instructs the jury that before the plain-
tiff, Holladay, can recover the premises claimed in this suit,
he must show by a preponderance of evidence the identity
of the land claimed, accurately as to exterior boundaries,
and that he can recover no part of the premises claimed
until he proves affirmatively the specific boundary by metes
and bounds of the part so claimed, and if the jury believe '

from the evidence in this case that the plaintiff, Holladay, has failed to prove his full and legal title to any specific part of the premises claimed by accurate metes and bounds, they must find for the defendant.

(6) The court instructs the jury that in arriving at their verdict in this case, they are to consider all maps and surveys introduced before them, as well as all parol evidence, and if they believe from the evidence and all circumstances of the case that the plaintiff, Holladay, has failed to prove a complete legal title with right of possession to all or any specific part of the premises claimed, to the satisfaction of the jury, that they must find for the defendant.

*Watkins & Brock,* for the plaintiff in error.

*J. Taylor Thompson* and *Richard H. Mann,* for the defendant in error.

KEITH, P., delivered the opinion of the court.

This was an action of ejectment brought to recover a parcel of land described. Upon the trial, the jury found a verdict in favor of the plaintiff, and the court rendered judgment for about one-half of the premises claimed by the plaintiff; and thereupon the plaintiff applied for and obtained a writ of error.

The first assignment of error is based upon bill of exceptions No. 1, from which it appears that the plaintiff, in order to prove the issue joined on his part, asked the defendant, a witness in his own behalf, on cross-examination, "How far do you trace your title back under those whom you claim?" and "Did I understand you to say in your examination in chief that you claimed title under your deed from Mrs. Hannah and R. M. Venable, trustee?"

These questions were objected to by counsel for defendant, and the objection was sustained; but the bill of exceptions does not show what answer the witness gave to the questions, or would have given had he been permitted to answer by the court.

In *Taylor* v. *Commonwealth,* 90 Va. 109, 17 S. E. 812, it is said, that an assignment of error in refusing to allow a witness to answer a certain question is unavailable in the appellate court where the record fails to show what the answer would have been.

In *Brock* v. *Bear,* 100 Va. 562, 42 S. E. 307, it is said: "Where a question is asked a witness which he is not permitted to answer, and exception thereto is taken, the bill of exception must show what the party asking the question expected to prove, else the appellate court cannot tell whether or not the witness had any knowledge on the subject, or the question was relevant or material."

In *American Bonding & Tr. Co.* v. *Milstead,* 102 Va. 683, 47 S. E. 853, this court held that although counsel may explain the object of the question so far as to show its materiality, the ruling of the trial court refusing to permit the witness to answer will not be considered unless the bill of exceptions shows what was expected to be proved by the witness; and that the same rule applies to questions on cross-examination as to questions in chief.

The same ruling has been made in numerous other cases in this court, but the citations made are deemed sufficient.

The first assignment of error is overruled.

When all the evidence for the plaintiff and the defendant had been put before the jury, the plaintiff in error, who was the plaintiff in the court below, asked for five instructions, of which the court gave numbers one, two and five, and refused to give numbers three and four. At the instance of the defendant the court gave six instructions, which were unexcepted to; but the plaintiff excepted to

the refusal of the court to give instructions three and four, and this ruling is set forth in bill of exceptions No. 3.

It is true that an outstanding legal title in another, whether that other be a stranger, or the Commonwealth, or the defendant, will defeat an action of ejectment; but a plaintiff in ejectment must recover upon the strength of his own title, and to this rule there are few exceptions, none of which appear in the case before us.

In *Reusens* v. *Lawson,* 91 Va. 226, 21 S. E. 347, this court said that an outstanding title sufficient to defeat a recovery in an action of ejectment must be a present, subsisting and operative title upon which the owner could recover if asserting it by action.

In *Merryman* v. *Hoover,* 107 Va. 485, 59 S. E. 483, the same doctrine is thus stated: "An outstanding legal title in another than the plaintiff, at the time of the institution of an action of ejectment, breaks in upon and disrupts the plaintiff's paper title and bars his recovery. Nor can the plaintiff make good the defect by the subsequent purchase of such outstanding title."

"A defendant in ejectment may rely upon an outstanding legal title in the Commonwealth at the time of the institution of the action, and thereby defeat the plaintiff."

We think the third instruction states a sound proposition of law, and that the evidence was such as to make it proper that it should have been given to the jury.

The fourth instruction should also have been given. The jury might well have inferred from the evidence adduced on behalf of the plaintiff in error the prior peaceful possession of the plaintiff, or those under whom he claims, of the land in the declaration mentioned, unless the defendant could show a better title in himself or another, such as is described in instruction No. 3.

We are, therefore, of opinion that the circuit court erred in refusing instructions Nos. 3 and 4.

We do not deem it proper to indicate any opinion upon the evidence, further than it was necessary to do so in order to pass upon the propriety of the instructions.

The case must be reversed and remanded for a new trial not in conflict with the views expressed in this opinion, at which trial, if the evidence should be substantially such as was adduced upon the former trial and instructions Nos. 3 and 4 are again offered, they should be granted.

*Reversed.*