# Richmond

JAMES T. POWELL V. MARY HOLLAND, JOHN H. WATSON, AND OTHERS.

January 11, 1934.

Present, Campbell, C. J., and Holt, Hudgins, Gregory and Chinn, JJ.

The opinion states the case.

*Mapp & Mapp* and *Herbert Barnes*, for the plaintiff in error.

*George L. Doughty, Gunter & Gunter* and *J. Harry Rew*, for the defendants in error.

HUDGINS, J., delivered the opinion of the court.

This controversy, which involves a part of the land which passed to Jesse R. Watson under the will of his father, William T. Watson, is between the same parties named in the case of *James T. Powell* v. *Mary Holland,*

*etc., Ejectment Case No.* 1, *ante,* page 844, 172 S. E. 293, where this will was construed in an opinion announced at this term. The only question raised here, not determined in that case, is the failure of the plaintiffs to trace their chain of title to the Commonwealth or to a common ancestor.

It is conceded, or if not conceded clearly established by uncontradicted evidence, that the land here in question was a part of the land devised to Jesse R. Watson for life, with remainder to his children, plaintiffs in this case. It was also proven that the land was conveyed by Jesse R. Watson to Lemuel Showell, whose interest was conveyed to Rubin Swift; that Rubin Swift conveyed the property to Salathiel E. Matthews, and that Salathiel E. Matthews conveyed the land, or certainly a part of it, to James T. Powell, defendant, who at the time of the trial was in possession, claiming under that deed. In the deed from Matthews to Powell, whether erroneously or not, it is stated that the property conveyed is a certain "parcel of land being the life interest of Jesse R. Watson conveyed to Charles *Reines* and wife * * *." Defendant introduced a deed from Charles H. Rines and wife to Salathiel E. Matthews, in which the property is described as "a certain lot of land on Chincoteague Island, Virginia, known as the Dr. Rines blacksmith lot, containing 1,458 square feet." Assuming that the land described therein is the same land, or a part of the same, which was conveyed by Salathiel E. Matthews to Powell, the grantee derived no interest under the Matthews deed hostile to plaintiffs, because that deed specifically states that it conveyed the life interest only of Jesse R. Watson, and closed with the following covenants:

"The parties of the first and second part *doth* covenant together with the said James T. Powell that they are lawfully endowed with the right to sell and convey the same said lease of land and improvements thereon as above described and that they, their heirs and assigns will war-

rant the same during the life of the said Jesse R. Watson against the lawful claims and demands of all persons."

■■ This deed does not show any title in James T. Powell. Plaintiffs' evidence clearly made out a *prima facie* case. Defendant relies on the deed from Rines to Matthews to show an outstanding title in Matthews, but "an outstanding title sufficient to defeat a recovery in an action of ejectment, must be a present, subsisting, and operative legal title, upon which the owner could recover if asserting it by action." *Reusens* v. *Lawson,* 91 Va. 226, 21 S. E. 347, 348; *Holladay* v. *Moore,* 115 Va. 66, 78 S. E. 551; *Brunswick Land Corp.* v. *Perkinson,* 146 Va. 695, 707, 132 S. E. 853; Burks' Pl. & Pr. (2d Ed.) 157, 158. Defendant's proof does not meet these requirements.

The judgment of the trial court is plainly right and is affirmed.

*Affirmed.*

GREGORY, J., dissenting.