## Rockford City Railway Company v. Mason Blake, a minor, by Louis C. Blake, his next friend.

1. VERDICTS—*Upon Conflicting Evidence.*—Where there is a conflict of evidence, the jury and trial judge, having seen and heard the witnesses, are better qualified than the judges of the Appellate Court to judge of their credibility, and the trial judge having approved of such finding, the verdict will not be disturbed on account of the state of the evidence.

2. ERROR—*Without Injury—Erroneous Admission of Evidence.*— Where improper testimony has been allowed to go to the jury, if in view of the instructions of the court, the jury could not have been misled, the error is harmless.

**Trespass on the Case,** for personal injuries. Appeal from the Circuit Court of Winnebago County; the Hon. JAMES SHAW, Judge, presiding. Heard in this court at the May term, 1897. Affirmed. Opinion filed December 17, 1897.

A. E. FISHER and R. N. BAYLIES, attorneys for appellant.

FROST & McEVOY, attorneys for appellee.

MR. JUSTICE WRIGHT DELIVERED THE OPINION OF THE COURT.

Shortly after nine o'clock the night of July 13, 1892, the appellee, a boy of twelve years of age, was injured by a car operated by appellant on the streets of the city of Rockford. As a result of this injury appellee lost his left leg,

and suit was instituted against appellant, alleging negligence in various forms in a declaration containing six counts. A trial by jury resulted in a verdict and judgment against appellant for $2,000, from which it appeals to this court, assigning numerous errors upon the record, for which a reversal of the judgment is sought.

It is insisted the evidence fails to prove the plaintiff was in the exercise of ordinary care at the time of the injury to him, and that appellant was guilty of negligence resulting in such injury. It appears from the evidence that at the time in question the appellee and his brother were upon Church street in charge of a pony, and upon the approach of one of the electric cars of appellant it became unmanageable and backed upon the railroad track, when a finger of appellee being caught in a ring of the martingale, he was for that reason unable to detach himself, and was thus brought in contact with the moving car. The particular negligence charged against appellant, and insisted upon here, was in failing to stop its cars upon observing the actions of the pony, and the consequent perilous condition of appellee, it being contended that by the exercise of ordinary care, had the equipment of the car then being operated been in a reasonably good condition of repair, the motorman could have stopped the car after discovering the dangerous situation of appellee, and thus avoided injury to him. There was also evidence tending to prove the brakes of the car were and had been in bad order, and gave but small assistance in stopping the car. These matters constituted material issues of fact in the trial court, upon which there was conflict of evidence, and the jury and trial judge, having seen and heard the witnesses, were thereby better qualified than we are to judge of their credibility, and the weight to be given their testimony. The jury having found against appellant upon these issues, and the trial judge having approved of such finding, we are not by the well-settled practice, required to disturb the verdict merely because of such state of the evidence. If the evidence of the plaintiff, standing alone in the record, would support the verdict, it

can not be said it is not sustained.   Moreover we are of the opinion that the verdict in view of the whole evidence is right.   A fair consideration of the evidence establishes that appellee was guilty of no want of care in coming in contact with the moving car.   He was forced into such position by means beyond his power to resist.   The fright of the pony and the efforts of the boys to subdue it, were in plain view of the motorman as the car came around the bend of the track, and he ought then to have seen, and been thereby admonished of the probable danger to appellee, or the property in his charge.   It was incumbent upon the servants of appellant, while managing its cars upon the public streets, to use ordinary care to avoid injury to others who might be there also, and where all have a right to be.   Ordinary care under such circumstances demanded that appellant look for other persons, respect their rights, and avoid injury to them.   Ordinary care also required appellant to use reasonable care to keep its equipment in working order, so its cars might be properly managed in times of danger.   The evidence in the case establishes to our satisfaction that the motorman saw the actions of the pony, then in charge of appellee and his brother, in sufficient time to have stopped the car had he made reasonable effort to do so.   Or, if the motorman made such effort, and it was ineffectual in consequence of the brakes being out of order, the effect would be the same in creating the liability of appellant.

It is next urged, the court erred in sustaining an objection to a question asked the witness Dyer, the car conductor, on cross-examination, whether he did not, in his report of the accident to the office of appellant, say that the motorman was on the front end of the car, at his place, at the time of the accident, and that the current was off, and the brakes set immediately after the accident.   The objection was sustained by the court for the specific reason it was not cross-examination, but counsel for appellant now contends it was competent for the purposes of impeachment. We have examined the testimony of this witness to find a material statement that would have been contradicted or

affected by an answer to this question. We find none, and the ruling of the court in sustaining the objection was therefore harmless to appellant.

Complaint is made of the admission by the court of section 8 of the ordinance of the city of Rockford, as follows: " All conductors, motorneers, drivers and persons employed upon street cars shall use reasonable and proper care and diligence to prevent injury or damage to persons, teams or vehicles, and upon the appearance of danger to any such person, team or vehicle upon or near the track the car shall be stopped, when, by so doing, such injury or damage may be averted." We think it was improper to admit this ordinance in evidence, as it is but an attempt to define the law applicable to appellant's duty. It was for the court to instruct the jury, and for that reason the ordinance should have been excluded. As a statement of the law it is inaccurate in imposing an absolute duty upon appellant to stop its car in case of danger, when the law only requires reasonable care to avoid danger to others. But in view of the clear and accurate instructions of the court upon this point, we do not think the jury was or could have been misled by the admission of the ordinance, and the error therefore was not harmful.

We think the instructions given in the case fairly and most favorably to appellant announced the law to the jury, and no errors in this regard are well assigned, and such as were refused were improper to have been given.

Finding no reversible error in the record and proceedings of the Circuit Court, its judgment will be affirmed.

CRABTREE, P. J., took no part.