## Belvidere City Railway Company v. George W. Bute.

### Gen. No. 4,626.

1. VERDICT—*when excessive.* A verdict of $2,000 held excessive where it appeared that the injury, if any, was slight and is likely to have resulted from old age or causes other than the accident complained of.

2. FRANCHISE ORDINANCE—*when exclusion of, not error.* An ordinance giving a traction company defendant the right to operate its cars upon a public street is not improperly excluded where such right is not put in issue in the trial of the case in which the ordinance in question is sought to be introduced.

3. INSTRUCTIONS—*must not ignore issues.* An instruction which undertakes to sum up the entire cause must not ignore any issue material to the cause.

4. INSTRUCTIONS—*what does not cure errors in.* An error in one instruction which directs a verdict is not cured by another instruction upon the same subject which is correct in its statement of law, as it is impossible to determine which instruction was adopted and followed by the jury.

Action in case for personal injuries. Appeal from the Circuit Court of Boone county; the Hon. ROBERT W. WRIGHT, Judge, presiding. Heard in this court at the April term, 1906. Reversed and remanded.. Opinion filed October 16, 1906.

JOHN A. ROSE and ALBERT M. CROSS, for appellant; FULLER & ISRAEL, of counsel.

J. M. HUFF and R. K. WELSH, for appellee.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

State street in the city of Belvidere runs north and south. A single track street railway operated by the Belvidere City Railway Company runs along the street. The street crosses the Kishwaukee river upon a bridge. The street railway has a switch track which begins on one side of the bridge and ends on the other, so that upon the bridge it has a double track, and teams traveling upon the bridge must go along one of the

tracks. On January 19, 1904, George W. Bute, then nearly sixty years old, loaded a wagon with two tons of nut coal at yards south of the river and east of State street, and started home with it. He drove west to State street and then turned north, and as he approached the bridge he looked back and saw a car headed towards him. Sometimes he testified that it was approaching and at other times that he did not know whether it was in motion. He drove upon the track and upon the bridge. The wagon box was full and the coal was heaped up. Bute had no wagon seat, but sat upon the front of the load of coal, with his legs hanging down in front of the wagon box. The street car, propelled by electric power, came up behind him and struck the wagon and drove it forward three or four feet, and Bute claims he fell back upon the coal, though without losing his hold upon the reins. The neck yoke and the slats on the side boards of the wagon were broken by the force of the collision. Bute owned the coal, but did not own the team or wagon. He got another neck yoke, drove home, unloaded the coal, returned the wagon and team to their owners, and then went home and called a physician, who attended him. No bones were broken, the skin was not lacerated, and no discoloration of the skin or flesh has ever been found. He complained of soreness to the touch and flinched when certain places upon his back were pressed. He remained in bed several days, and ever since has walked with crutches. He testified that he suffered severe pain and was unable to work. He has done no work since, and claims he was seriously and permanently injured. He brought this suit against the street railway company to recover damages for such injuries. His declaration charged that defendant ran the street car carelessly, negligently and recklessly, and at a high and dangerous rate of speed and without having the same under control, against the rear end of plaintiff's wagon with such force and violence

that he was thrown backwards into the wagon and into the materials therein, and thereby was severely and permanently injured. Defendant pleaded the general issue. There was a trial and a verdict for plaintiff for $2,000. A motion by defendant for a new trial was denied. Plaintiff had judgment on the verdict, and defendant appeals.

Upon a careful consideration of the evidence we are of opinion that it did not warrant the jury in finding that this very slight accident, by which plaintiff, while sitting upon the coal, was tipped or thrown back upon the small nut coal heaped behind him, caused the serious physical pain and condition of permanent physical disability of which plaintiff now complains. From the proofs we conclude that his condition is due to old age, muscular rheumatism or other difficulties for which defendant is not in any way responsible, or else that he is feigning or imagining a large part of his suffering. Those medical witnesses who concluded he was suffering, and who testified that his condition might have been caused by falling back upon the coal, based their conclusions in the main upon his statements. The physician who attended him the first few days did not consider that he was seriously injured. Under the proof now before us we think the verdict for $2,000 was excessive, and that the cause should be submitted to another jury.

Defendant offered the ordinance by which it obtained a right to run upon this street, but the court sustained an objection thereto. Plaintiff did not allege or claim that defendant was wrongfully in the street, and that question was not at issue, and the proof was therefore immaterial. Section 10 of that ordinance gave the cars of defendant the right of way as against teams' and conveyances traveling on the street, and it is urged that this was competent proof for defendant. This section either did or did not enlarge the legal rights and liabilities of the parties. If

it did not, then the proof was immaterial. If it was intended by the ordinance to enact that one is negligent who drives upon a street car track in front of an approaching car, when under the existing circumstances he would not be negligent by the general rules of law, then we are of opinion that the ordinance was properly rejected for the reasons stated by us in Rockford City Ry. Co. v. Blake, 74 Ill. App. 175, and by the Supreme Court in the same case in 173 Ill. 354. But if section 10 of the ordinance should have been admitted, the court gave instructions requested by defendant which stated the rights and liabilities of the parties as broadly as that section undertook to fix them, and defendant was not harmed by the rejection of the ordinance.

The proof was contradictory as to the distance between the plaintiff and the car when he drove in front of it, and as to the speed at which it was then moving. The proof on that subject introduced by defendant, presented the question whether or not plaintiff was guilty of contributory negligence in driving upon the track in front of the car. One or more instructions given at plaintiff's request related to the question whether plaintiff was negligent in driving along the track, and stated his rights while driving along the track, and directed a verdict for plaintiff if the jury found the facts as therein stated, but ignored the question whether plaintiff was guilty of negligence in driving upon the track just in front of a car he knew was approaching, if he did so drive. This was error. While a plaintiff may base his instructions upon his own version of the proofs, yet if he directs a verdict in such instructions he may not ignore proof tending to establish a defense. An erroneous instruction which directs a verdict is not cured by another and correct instruction upon the same subject, for it cannot be known which instruction the jury followed, and the verdict may have been based upon the erroneous in-

struction. Other instructions given at plaintiff's request are subject to serious criticisms, but plaintiff is likely to avoid them at another trial, and they do not require discussion. The two instructions requested by defendant and refused, were in the nature of arguments and were properly refused.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*