Richmond

JAMES L. DIAL

v.

MICHAEL P. DESKINS, ET AL.

January 16, 1981.

Record No. 790295.

Present: All the Justices.

*Raleigh M. Cooley* for appellant.
*Horace F. Sutherland* for appellees.

PER CURIAM.

In the court below, the plaintiffs, Michael P. Deskins and Garland C. Austin, sought by motion for judgment to recover damages from the defendant, James L. Dial, for an alleged breach of an agreement to pave certain subdivision streets which furnished access to the plaintiffs' homes. In the motion, the plaintiffs alleged that when they purchased their homes from the defendant, he had promised to pave the streets in question according to state highway specifications. The plaintiffs alleged further that they had relied upon the defendant's promise and that it was "an inducing factor" in their purchase. Responding, the defendant denied he had agreed to pave the streets.

The case was submitted to a jury under an instruction which provided that the plaintiffs could recover only if they proved "there was a meeting of the minds concerning [the streets in question] at or before the purchase. . . ." The jury found for the plaintiffs in the sum of $12,500, and the trial court approved the verdict. On appeal, the sole question for decision is whether the rule of *Massie* v. *Firmstone*[1] precludes the plaintiffs' recovery.

Under the *Massie-Firmstone* rule, "if a litigant, a person of average intelligence and in possession of his faculties, testifies clearly and unequivocally to facts within his knowledge which show as a matter of law he has no case, he is bound thereby and may not recover." *Holland* v. *Holland,* 217 Va. 874, 874, 234 S.E.2d 65, 66 (1977).

The plaintiffs introduced no written evidence of the terms of the agreements whereby they purchased their homes. Testifying below, the plaintiff Deskins stated that the defendant told him before he purchased his home, during negotiations concerning a purchase-money loan, and after the purchase transaction was closed, that the streets in question would be paved. Deskins admitted in other portions of his testimony, however, that the paving of the streets was not one of the terms or conditions of his purchase; that there "wasn't [any] contract" involving paving; that he would have purchased the property "anyway

[1] 134 Va. 450, 114 S.E. 652 (1922).

whether the road was to be paved or not"; and that he purchased the property "without any inducement whatsoever" concerning paving of the streets.

The plaintiff Austin also testified below. He stated that, on several occasions both before and after he agreed to purchase his home, the defendant told him the streets would be paved according to state specifications. Austin conceded, however, that the statements concerning paving did not induce him to purchase the home and that he would have bought "the house anyway . . . and paid the same price for it."

The defendant argues that the *Massie-Firmstone* rule bars recovery here because the plaintiffs' statements at trial show conclusively there was no agreement between the parties concerning paving which induced the plaintiffs to purchase their homes and obligated the defendant to perform the paving work. On the other hand, the plaintiffs argue that, while some of their statements appear to support the defendant's position, when consideration is given their testimony as a whole and individual parts are not isolated and taken out of context, the conclusive result urged by the defendant is not warranted.

■ We have said that the *Massie-Firmstone* rule does not apply "to an adverse statement standing in isolation from the litigant's testimony as a whole." *Baines* v. *Parker and Gladding,* 217 Va. 100, 105, 225 S.E.2d 403, 407 (1976). But the adverse statements involved here do not stand in isolation but relate directly to the heart and substance of the plaintiffs' case. When so considered, the statements constitute clear and unequivocal admissions of facts within the plaintiffs' knowledge showing as a matter of law their purchase agreements did not include a requirement that the defendant pave the streets in question. Under the *Massie-Firmstone* rule, the plaintiffs' statements are binding upon them and preclude their recovery for the breach of contract alleged in their motion for judgment.[2]

For the reasons assigned, the judgment of the trial court will be reversed, and final judgment will be entered here in favor of the defendant.

*Reversed and final judgment.*

---

[2] Even if the plaintiffs' motion for judgment might be read to assert a claim based upon promissory estoppel, the plaintiffs' adverse statements are equally conclusive against that claim. One of the key elements of promissory estoppel is that the alleged promise must have induced action or forbearance on the part of the promisee. *Dulany Foods* v. *Ayers,* 220 Va. 502, 515, 260 S.E.2d 196, 204 (1979) (Poff, J., dissenting). As noted previously, both plaintiffs testified clearly and unequivocally that they were not induced to purchase the property in question by any promise concerning paving.