In re MBA INC., t/a MBA Management Inc. (Including by consolidation Metro Business Associates Inc., Case No. 82–01344–A; MBA of Washington, D.C. Inc. Case No. 82–01345–A; and California MBA, Inc., Case No. 82–01346–A, Debtor.

MBA INC., t/a MBA Management Inc., Plaintiff,

v.

VNU AMVEST, INC. and Disclosure, Incorporated, Defendants.

Bankruptcy No. 82–01343–A.
Adv. No. 83–0162–A.

United States Bankruptcy Court,
E.D. Virginia,
Alexandria Division.

April 20, 1984.

L. Marc Zell, Topf, Zell, Kolodny & Novick, Arlington, Va., for Disclosure, Inc.

Stephen C. Greenberg, Murphy, McGettigan & West, P.C., Alexandria, Va., for VNU Amvest, Inc.

Ronald L. Walutes, Annandale, Va., for MBA Inc.

## MEMORANDUM OPINION

MARTIN V.B. BOSTETTER, Jr., Bankruptcy Judge.

This matter comes before the Court upon the motion of Disclosure, Incorporated ("Disclosure"), co-defendant herein, to dismiss debtor's second amended complaint[1]. Debtor-plaintiff, MBA Inc., trading as MBA Management Inc. ("MBA"), is in the business of personnel recruiting and placement. On October 20, 1982, MBA filed a petition for reorganization under Chapter 11 of the Bankruptcy Reform Act of 1978. Debtor instituted this adversary proceeding to recover an $18,000.00 employment fee allegedly owed by the co-defendants, VNU Amvest, Inc. ("Amvest") and Disclosure, as the result of Amvest's decision to hire one Mark Roberts ("Roberts") as an accountant and financial vice president. Debtor alleges that its only theory for relief is based upon the doctrine of promissory estoppel. The debtor claims that it relied upon Disclosure's representation to debtor that Disclosure would inform Amvest as to MBA's entitlement to a placement fee if Amvest hired Roberts. Additionally, debtor's second amended complaint indicates that un-

---

1. The instant complaint is the third that the debtor has filed in this matter. In its first complaint, MBA Inc. sought relief only against VNU Amvest, Inc. Upon further discovery, however, MBA Inc. sought and obtained leave of this Court to add Disclosure, Incorporated as a co-defendant. Disclosure, Incorporated moved to dismiss the amended complaint on the grounds that MBA Inc. had failed to state a claim for which relief could be granted. Fed.R. Civ.P. 12(b)(6); R.Bankr.P. 7012(b). After a hearing, the Court granted the motion to dismiss but allowed MBA Inc. to amend its complaint for the second time.

der the principles enunciated under the United States Supreme Court decision of *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), Virginia law, including Virginia's law governing choice of law, is the law to which this Court must refer in order to determine the rights and liabilities of the parties.

Disclosure moves for dismissal of debtor's complaint on the following three grounds: that the doctrine of promissory estoppel is not applicable in the instant case under Maryland law; that promissory estoppel is not recognized under Virginia law; and that debtor's complaint fails to state a claim for which relief can be granted.

A motion to dismiss a complaint for failure to state a claim for which relief may be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure is made applicable to adversary proceedings in bankruptcy by Rule 7012(b) of the Rules of Bankruptcy Procedure. In considering such a motion, a court must take all of the allegations in the complaint as admitted. *See, e.g., Fralin & Waldron, Inc. v. County of Henrico, Virginia*, 474 F.Supp. 1315, 1323 (E.D.Va. 1979); *Associated Dry Goods Corp. v. Equal Employment Opportunity Commission*, 419 F.Supp. 814, 818 (E.D.Va. 1976); *In re Herman Cantor Corp.*, 15 B.R. 747, 748 (Bkrtcy.E.D.Va.1981). The pleading should not be dismissed unless it appears beyond a doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Hospital Building Co. v. Trustees of Rex Hospital*, 425 U.S. 738, 746, 96 S.Ct. 1848, 1853, 48 L.Ed.2d 338 (1976); *Hudspeth v. Figgens*, 584 F.2d 1345, 1347 (4th Cir.1978) (per curiam), *cert. denied*, 441 U.S. 913, 99 S.Ct.

2013, 60 L.Ed.2d 386 (1979); *Morgan v. American Family Life Assurance Co.*, 559 F.Supp. 477, 480 (W.D.Va.1983).

█ It is well established in Virginia that the law of the state having the most significant contacts with a transaction governs the rights and duties of the parties to the transaction. *See Begley v. Jeep Corp.*, 491 F.Supp. 63, 64–65 (W.D.Va.1980); *Willard v. Aetna Cas. and Sur. Co.*, 213 Va. 481, 482–83, 193 S.E.2d 776 (1973). Without a hearing on the merits of this case, this Court cannot determine which of the two jurisdictions, Virginia or Maryland, has the most significant contacts. Therefore, it is necessary for this Court to look at the laws of both jurisdictions to rule on Disclosure's motion to dismiss.

Initially, Disclosure states that under Maryland law promissory estoppel is available only in the context of charitable subscriptions. Disclosure points to the decision of the Maryland Court of Appeals in *Maryland National Bank v. United Jewish Appeal Federation of Greater Washington, Inc.*, 286 Md. 274, 407 A.2d 1130 (1979), as indicating that the application of promissory estoppel is very limited. This Court is not in agreement with movant's interpretation of the *United Jewish Appeal* case. In that decision, the Maryland Court of Appeals specifically adopted section 90 of the Restatement (First) of Contracts in which the elements of promissory estoppel[2] are listed. 407 A.2d at 1135. Although it is true that the *United Jewish Appeal* case is concerned with a charitable subscription, there is no language which indicates, expressly or inferentially, that the doctrine of promissory estoppel is limited to charitable subscriptions[3].

---

2. Section 90 of the Restatement (First) of Contracts (1932) defines promissory estoppel as:

A promise which the promisor should reasonably expect to induce action or forbearance of a definite and substantial character on the part of the promisee and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise.

Restatement (First) of Contracts, § 90 (1932).

3. Disclosure, Incorporated also cites a decision of the United States District Court of Delaware as authority that Maryland courts would limit application of promissory estoppel to charitable subscription cases. *Advocat v. Nexus Industries, Inc.*, 497 F.Supp. 328, 333 (D.Del.1980). The *Advocat* court was concerned with a diversity action based on statements allegedly made by officers or agents of an employer to its former employee concerning the former employee's right to receive a pension. *Id.* at 330. In a

As its second ground for dismissal, Disclosure indicates that the doctrine of promissory estoppel is not even recognized under Virginia law. Disclosure cites two decisions of the Supreme Court of Virginia to support this contention, i.e., *Dulany Foods, Inc. v. Ayers*, 220 Va. 502, 260 S.E.2d 196 (1979); *Dial v. Deskins*, 221 Va. 701, 273 S.E.2d 546 (1981) (per curiam). Disclosure maintains that Justice Poff's dissenting opinion in *Dulany Foods* indicates that promissory estoppel was not available to litigants in Virginia as of 1979. Although Justice Poff's dissenting opinion states that the Supreme Court of Virginia had never expressly applied the doctrine of promissory estoppel, the Justice did apply the elements of the doctrine to the fact situation in that case. 220 Va. at 515, 260 S.E.2d 196.

In a footnote citing Justice Poff's dissenting opinion in *Dulany Foods*, the Supreme Court of Virginia briefly analyzed a litigant's claim in light of the promissory estoppel doctrine. *Dial v. Deskins*, 221 Va. 701, 703 n. 2, 273 S.E.2d 546, 547 n. 2 (1981) (per curiam). Although the language in *Dial* was dicta on a point tangentially related, the *Dial* court did recognize the doctrine of promissory estoppel and seemingly indicated a willingness to apply that doctrine in the appropriate circumstances.

■ Admittedly, none of the state opinions discussed have directly addressed the propriety of applying the doctrine of promissory estoppel. At oral argument, Disclosure suggests that in the absence of a ruling by the highest court in either jurisdiction, it would be improper for this Court to address the applicability of promissory estoppel. Under certain circumstances, federal courts should abstain from ruling on questions of state law before any action by the appropriate state court of last resort. Those situations, however, are lim-

ited to the following: cases which present a federal constitutional issue which might be mooted by a state court determination of state law; and cases in which the exercise of jurisdiction by a federal court would disrupt a state's administrative procedures. Neither situation exists in the case *sub judice*. All of the state cases discussed at least recognize the existence of the doctrine of promissory estoppel. There is, however, the lack of a decision by the highest court in each jurisdiction establishing the parameters of the doctrine's applicability. The absence of applicable state law does not require this Court to dismiss the complaint. *Graves v. Associated Transport, Inc.*, 344 F.2d 894, 896 (4th Cir.1965); *Copley v. Northwestern Mutual Life Ins. Co.*, 295 F.Supp. 93, 96 (S.D.W.Va.1968); *Fairfax Inn v. Sunnyhill Mining Co.*, 97 F.Supp. 991, 991–92 (N.D.W.Va.1951); *see Powell v. Maryland Trust Co.*, 125 F.2d 260, 269–70 (4th Cir.), *cert. denied*, 316 U.S. 671, 62 S.Ct. 1041, 86 L.Ed. 1746 *reh. denied*, 316 U.S. 711, 62 S.Ct. 1273, 86 L.Ed. 1777 (1942). The lack of a court decision on the highest level is not indicative of the merits of the parties' cases. *See Maryland v. Baltimore Radio Show*, 338 U.S. 912, 919, 70 S.Ct. 252, 255, 94 L.Ed. 562 (1950).

■ Disclosure's third and final ground for dismissal is that the facts alleged in MBA's complaint do not state a claim for which relief can be granted. In order for MBA to be successful on a promissory estoppel theory, all of the elements of the doctrine of promissory estoppel must be proven [4].

When a party files a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, all of the factual allegations in plaintiff's complaint are admitted. *Fralin & Waldron, Inc. v. County of Henrico, Virginia*, 474 F.Supp. 1315, 1323 (E.D.Va.1979). MBA has made all of the

---

footnote, the *Advocat* court stated that the Maryland courts would follow the New York courts and hold that "the doctrine of promissory estoppel may not be used to circumvent the requirements of the statute of frauds." *Id.* at 333 n. 6.

Only in this context did the *Advocat* court hold that the Maryland state courts would adopt the position of the New York courts.

4. *See* footnote 2, *supra*.

proper factual allegations in its complaint to withstand movant's motion to dismiss. MBA alleges that Disclosure instructed MBA to make no contact with Amvest regarding the placement of Roberts. Debtor also alleges in its complaint that Disclosure represented to MBA that Disclosure would inform Amvest of the placement fee payable to MBA upon Amvest's hiring of Roberts. Additionally, MBA alleges that it did not contact Amvest because of Disclosure's representations which were intended by Disclosure to induce forbearance. Finally, MBA alleges that Roberts was hired, the placement fee was not paid to MBA and that the enforcement of Disclosure's promise to MBA is necessary to avoid injustice. If MBA proves these allegations, it may be successful in its prayer for relief.

For the foregoing reasons, the motion of Disclosure, Incorporated, co-defendant herein, to dismiss the second amended complaint of MBA Inc., debtor-plaintiff herein, is denied.

An appropriate Order will enter.