## CIRCUIT COURT OF FAIRFAX COUNTY

Mullineaux

v.

Salem Technical
Services, Inc.,
Aiken Advanced Systems, Inc.,
and Frank B. Martin

Case No. (Law) 80393

March 22, 1988

By JUDGE THOMAS A. FORTKORT

The demurrers of Salem Technical Services, Inc., and Aiken Advanced Systems, Inc., and Frank B. Martin, defendants to the amended motion for judgment, are denied. Virginia still adheres to the "employment at will" doctrine most recently reexamined by the Virginia Supreme Court in Justice Russell's opinion in *Miller v. SEVAMP, Inc.,* 234 Va. 462, 362 S.E.2d 915 (1987).

Virginia currently has no opinions on the doctrine of promissory estoppel in employment contracts, although the doctrine itself has been commented upon. See, for example, Footnote 2, *Dial v. Deskins,* 221 Va. 701, 273 S.E.2d 546 (1981). *See also, Dulany Foods v. Ayers,* 220 Va. 502 (1979) (Poff in dissent). Promissory Estoppel is defined in the Restatement of Contracts § 90 as:

A promise which the promisor should reasonably expect to induce action. or forbearance of a definite and substantial character on the part of the promisee and which does induce such action or forbearance, is binding if injustice can be avoided only by enforcement of the promise.

Justice Poff in *Dulany*, *supra*, describes the three elements of Promissory Estoppel as: (1) the promisor should expect his promise to induce action or forbearance, (2) the promise does induce such action or forbearance, and (3) enforcement of the promise is necessary to avoid injustice to the promisee.

Each of these elements are well pleaded by the Plaintiff, and the Court believes it is an appropriate exception to the Virginia employment at will doctrine.

June 19, 1989

By JUDGE MICHAEL P. McWEENY

This matter is before the Court on both Defendant's Motions for Summary Judgment and on the Alternative Motion for Partial Summary Judgment of the Defendant, Salem Technical Services. For the following reasons, both Defendants' Motions are denied.

Upon review of the responses to interrogatories and the admissions of all parties filed in this case, it is the conclusion of the Court that there still remain material facts in dispute as to the issue of possible agency between Salem and Aiken and as to the term of employment originally offered to the Plaintiff. Accordingly, Summary Judgment must be denied.