CLAUDE J. ADDISON

V.

AMALGAMATED CLOTHING AND TEXTILE WORKERS UNION
OF AMERICA

Record No. 860297

September 23, 1988

Present: All the Justices

*Raymond R. Robrecht* for appellant.
*James E. Cornwell; George A. Kirschenbaum (Cornwell & Spangler, P.C.*, on brief), for appellee.

WHITING, J., delivered the opinion of the Court.

Claude J. Addison sued the Amalgamated Clothing and Textile Workers Union (Amalgamated), alleging that Amalgamated had discharged him from his employment as one of its international representatives in breach of its employment contract with him.

After Addison responded to Amalgamated's requests for admissions and for production of documents, Amalgamated filed a motion for summary judgment. Amalgamated contended that Addison's responses established, as a matter of law, that (1) Amalgamated was not the entity that employed Addison, and (2) that in any event, Addison's alleged employment contract was terminable at will. The trial court sustained Amalgamated's motion for summary judgment on both grounds.

We granted Addison an appeal from the trial court's decision. Because the trial court has sustained Amalgamated's motion for summary judgment, we state the facts averred in Addison's bill of complaint and the facts admitted by him during the pre-trial proceedings in the light most favorable to him. *Macaulay* v. *Home Beneficial Life Ins. Co.*, 235 Va. 649, 650, 369 S.E.2d 420, 420 (1988).

Addison had been an employee of Celanese Fiber Company (Celanese) from February 1965 until April 1983. In October 1972, he became the full-time business agent for the local union at Celanese's plant in Narrows, Virginia, but retained his seniority rights with Celanese under its agreement with the local union. In 1976, the local union, which was a part of the Textile Workers Union of America, merged with the Amalgamated Clothing and Textile Workers Union.

Addison alleges that in May 1981, during a reorganization of Amalgamated and its local unions, "it was agreed between [Amalgamated], represented by one Bruce Dunton, and your complainant that he would be given the pay and status of an International Representative with [Amalgamated]." In the course of the contractual negotiations in June 1981, Addison alleges that Dun-

ton assured him that he "would have a job in his proposed new capacity as long as he wanted it." Beginning in September 1981, Addison assumed the duties of an international representative in charge of the local union at Celanese's plant at Narrows and of three local unions in other companies at Galax, Wytheville, and Pulaski.

Because Addison was no longer working exclusively for the local union at Celanese's plant, in February 1982, Celanese required Addison to relinquish his seniority rights and related benefits after April 1, 1982, should he decide to continue his union job. At some time prior to April 1, 1982, Addison had additional discussions with Dunton, who was acting for Amalgamated, in which Addison "was again assured that he would have a job with the Joint Board as long as he wanted one and as long as one existed." Acting in reliance upon those representations, Addison relinquished his benefits with Celanese, and Addison avers that "[e]ffective April 1, 198[2] he was employed by [Amalgamated] at a weekly salary." Addison's services were terminated on November 9, 1983. We will assume that Addison was discharged without cause.

A motion for summary judgment should not be granted unless "there is no material fact genuinely in dispute." *See e.g., Shevel's Inc. v. Southeastern Assoc.*, 228 Va. 175, 181, 320 S.E.2d 339, 342 (1984). In this case, however, we are of opinion that there is no genuine dispute that Addison's contract was an employment contract terminable at will.

■ Even if Addison had been employed by Amalgamated, his contract would have been terminable at the will of either party. The contract had no fixed period of employment and, therefore, there is a rebuttable presumption that the employment is terminable at will. *Miller v. Sevamp, Inc.*, 234 Va. 462, 465, 362 S.E.2d 915, 917 (1987). Addison claims that Dunton's assurances that he could have a job "as long as he wanted one and as long as one existed" was sufficient to rebut the presumption and bound the union to an employment contract that could only be terminated by it upon proof of either (1) unsatisfactory service by Addison or (2) the non-existence of a job for Addison.

■ Addison cites no case in support of this contention, and we have found none. Two jurisdictions have implied a condition that an employer could not discharge an employee whose contract had no termination date where the contract expressly assured job se-

curity *so long as performance was satisfactory. Maloney* v. *E. I. Du Pont de Nemours & Co.*, 352 F.2d 936, 938 (D.C. Cir. 1965); *Toussaint* v. *Blue Cross*, 408 Mich. 579, 610, 292 N.W.2d 880, 890 (1980). Even if we were to adopt the rationale of those decisions, Addison's contract contains no provision relating to his satisfactory performance, and we cannot rewrite it to supply that deficiency. *See Plaskitt* v. *Black Diamond Trailer Co.*, 209 Va. 460, 465, 164 S.E.2d 645, 649 (1968) (refusal to imply reasonable time to employment-at-will contract).

The case of *Sea-Land Service, Inc.* v. *O'Neal*, 224 Va. 343, 297 S.E.2d 647 (1982), relied upon by Addison in his brief, is clearly inapplicable. As we said in that case:

> [A]lthough Sea-Land may have had the right to terminate O'Neal's employment at will either while she was still a sales representative or in the event she became a teletype operator/messenger, the company did not dismiss her this way. Instead, it promised her that, if she resigned from the one position, she would be employed in the other. *This was an undertaking separate and apart from any contract covering the particular position involved and was not subject to any presumption of terminability at will that might have applied to such a contract.*

*Id.* at 349, 297 S.E.2d at 650 (emphasis added).

In sum, Addison does not allege anything but an employment-at-will contract, and the trial court correctly sustained the motion for summary judgment. Accordingly, we will affirm its order.

*Affirmed.*