## CIRCUIT COURT OF THE CITY OF LYNCHBURG

Patricia H. Burton

v.

Central Fidelity Bank and
Betty Cooper McKinney

October 27, 1988

By JUDGE WILLIAM W. SWEENEY

Hearings on defendants' demurrers were argued on September 14, 1988, and October 19, 1988. Comprehensive and well-written briefs have been filed and reviewed.

According to the amended motion for judgment, plaintiff, employee, sues Central Fidelity Bank, employer, and its agent, Betty Cooper McKinney, on five counts.

Plaintiff, a fifteen-year employee of Bank, had no written contract of employment for a definite term. Thus, she and the Bank had the mutual right to sever their relationship after reasonable notice. *See Miller v. SEVAMP, Inc.*, 234 Va. 462, 326 S.E.2d 915 (1987). She alleges, however, that officials of the Bank told her that "she would have permanent employment with Central Fidelity for as long as she wanted the job and performed her job in a loyal and satisfactory manner, and that she would not be dismissed thereafter except for good and just cause related to poor performance on her job . . ."

Following a dispute with her supervisor over time off for family matters, plaintiff was discharged. She later submitted a written resignation which she alleges was given under duress.

Rulings on each of the five counts will be addressed separately in this letter opinion.

### 1. *Breach of Employment Contract*

The most recent case in Virginia is *Addison v. Amalgamated Clothing etc.* 236 Va. 233 (1988). The facts of the *Addison* case are in some respects strikingly similar to those of the case at bar. In *Addison*, the plaintiff alleged an oral contract of employment in that he was assured "that he would have a job with the Joint Board (employer) as long as he wanted one and as long as one existed. . ."

Assuming that plaintiff was discharged without cause, the Supreme Court affirmed the trial judge's sustaining of a demurrer saying:

> A motion for summary judgment should not be granted unless" there is no material fact genuinely in dispute." *See e.g., Shevel's Inc. v. Southeastern Assoc.,* 228 Va. 175, 181, 320 S.E.2d 339, 342 (1984). In this case, however, we are of opinion that there is no genuine dispute that Addison's contract was an employment contract terminable at will.
>
> Even if Addison had been employed by Amalgamated, his contract would have been terminable at the will of either party. The contract had no fixed period of employment and, therefore, there is a rebuttable presumption that the employment is terminable at will. *Miller v. Sevamp, Inc.,* 234 Va. 462, 465, 362 S.E.2d 915, 917 (1987).

In the absence of Virginia authority and based on expressions in the *Addison* case, I reject the implied condition theory recognized by a minority of States that an employer cannot discharge an employee whose contract had no termination date where the contract assured job security so long as performance was satisfactory. It appears that Virginia has not followed this view. This theory, in my opinion is at odds with the Virginia concept of a presumption of termination at will. I sustain the demurrer as to Count One.

## 2. *Good Faith*

I have found no authority to support this theory in employment contract actions in this State. It is not consistent with the termination at will presumption and contradicts the mutuality concept. I sustain the Demurrer as to Count Two.

## 3. *Intentional Infliction of Emotional Distress*

It may or may not be that Workmen's Compensation is a bar. This, however, is a defense. At the demurrer stage, I cannot deprive plaintiff of her right to prove facts to support this theory of recovery. The demurrer is overruled as to Court Three.

## 4. *Insulting Words*

For reasons stated in consideration of Count Three, I overrule the demurrer on this count also.

## 5. *Fraud*

Allegations of deliberate lies and/or negligent misrepresentation are made. The theories are similar and are plead in the alternative. Proof is required on the issues of fraud. The demurrer is overruled as to Count Five.

Since the issues in Counts Three, Four, and Five are similar and since they all arose from the same incident, I consolidate these issues for trial.