947 F.2d 941
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Jack LIBERTINO, Plaintiff-Appellant,
v.
STERLING DEVELOPMENT COMPANY, Defendant-Appellee.
 No. 91-2034.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 10, 1991.
Decided Nov. 8, 1991.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. James C. Cacheris, District Judge. (CA-90-686-A)
 Roy James Baldwin, Oakton, Va., for appellant.
 Dennis E. Ahearn, Tyler, Bartl, Burke & Albert, Alexandria, Va., for appellee.
 E.D.Va.
 AFFIRMED.
 Before WIDENER and SPROUSE, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Jack Libertino seeks review of a district court order granting Sterling Development Company's motion for a judgment notwithstanding the verdict in an action arising out of an employment dispute. We affirm.
 
 
 2
 The controversy in this case centers around Sterling's revocation of its offer to have Libertino manage a pizza restaurant. Libertino contends that Sterling's revocation constituted a breach of a contract for a definite term, whereas Sterling asserts that the parties' agreement was terminable at will. Under Virginia law, an offer for at-will employment is terminable at any time, including where, as in this case, the employee is terminated before assuming the position. See Sartin v. Mazur, 375 S.E.2d 741 (Va.1989).
 
 
 3
 The only evidence submitted to prove the terms of the employment contract consisted of a letter from Sterling to Libertino discussing the position and Libertino's testimony regarding his personal understanding of the letter's contents. The letter summarized Libertino's compensation package, listing his salary as "$65,000 annually," and referring to a bonus "[P]ayable on year ended 12-31-1990's operating results, and each year end thereafter." Libertino testified that, based on the contents of this letter, "I assumed that they were planning on hiring me at least through the end of 1990. As a matter of fact, I assumed that they were hiring me indefinitely, and then until they had such cause--just cause to terminate me, like any other employer."
 
 
 4
 Where, as in this case, the contract fixes no specific time for the duration of the employment, there is a rebuttable presumption that the hiring is terminable at will. See Addison v. Amalgamated Clothing and Textile Workers Union, 372 S.E.2d 403 (Va.1987); Miller v. SEVAMP, Inc., 362 S.E.2d 915 (Va.1987). We reject Libertino's contention that the references in Sterling's letter to an annual salary and a bonus payable only after a set period of service are sufficient to rebut the presumption in this case and remove the employment contract from the at-will category.
 
 
 5
 Various courts have held that the specification of daily, weekly, monthly, or yearly pay does not create a contract for a definite term. See The Pokanoket, 156 F. 241 (4th Cir.1907); Freeman v. Hardee's Food Systems, Inc., 165 S.E.2d 39 (N.C.Ct.App.1969); Wright v. Standard Ultramarine & Color Co., 90 S.E.2d 459 (W.Va.1955). Libertino's reliance on Hoffman Speciality Co. v. Pelouze, 164 S.E. 397 (Va.1932), to support his position to the contrary is misplaced. In that case, the court relied heavily on evidence of industry custom and the conduct of the parties in finding that the parties intended their employment arrangement, which had already existed for over three years, to be renewable on an annual basis. The court cautioned that its holding should not be construed to controvert the "settled doctrine" that "where no specific time is fixed determining the duration of the employment, it is presumed to be an employment at will," and that "this is so, even when the consideration is to be paid at specific intervals." Id. at 399.
 
 
 6
 In this case, Libertino presented no evidence of oral negotiations, custom, or conduct of the parties showing that the parties mutually intended to create an employment for a definite term terminable only for cause. Libertino's subjective interpretation of the terms of the contract are insufficient to modify the indefinite nature of his hiring. See MCI Telecommunications Corp. v. Wanzer, 897 F.2d 703 (4th Cir.1990). Moreover, Libertino's own testimony stated that he believed he was hired "indefinitely," and a hiring for an indefinite term is undisputably at will. Finally, the promise of a bonus could not, in this case, create a hiring for a definite term, since the use of the words "and each year end thereafter" are clearly indefinite in nature. See Trainer v. Laird, 183 A. 40 (Pa.1936).
 
 
 7
 Accordingly, we affirm the order of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 8
 AFFIRMED.