## CIRCUIT COURT OF FAIRFAX COUNTY

Alequin

    v.

Evaluation Research Corp.

November 14, 1991

Case No. (Law) 107593

By JUDGE THOMAS J. MIDDLETON

This matter came to be heard for oral argument on November 1, 1991, on plaintiff's motion to deny defendant Evaluation Research Company's demurrer to Count II of plaintiff's motion for judgment. Upon consideration of argument by counsel, the pleadings and applicable case law, the court sustains the demurrer to Count II.

This case arises out of an alleged employment contract entered into between plaintiff/employee and defendants/employers. Mr. Alequin alleges in his Motion for Judgment that during preliminary negotiations regarding his employment with Evaluation Research Corporation ("ERC"), he was assured by defendant McDougal of ERC that his employment would continue beyond the winding down of the Eglin A.F.B. contract, the government contract which he was specifically hired to work on. The only written evidence before the court of an employment contract is a letter dated June 28, 1990, written and signed by Ada Brady, another representative of ERC, and signed and accepted by Mr. Alequin. The letter does not mention either the Eglin A.F.B. contract or duration of employment. According to the allegations in the Motion for Judgment, undisputed by defendant, the plaintiff was employed by ERC from July 13, 1990, until November 14, 1990, when ERC terminated plaintiff's employment. Plaintiff alleges that the termination coincided with the winding down of the Eglin A.F.B. contract.

In Count II of his motion for judgment, plaintiff alleges a cause of action against defendant ERC for breach of implied agreements to "deal fairly with him, to act in good faith toward him and to employ him beyond the period of the Eglin A.F.B. contract." He bases his claim on his allegation in Paragraph 8 that, "In order to induce Alequin to leave [his former employment] and accept an offer from ERC, McDougal promised and represented in specific terms to Alequin that his employment would not end when the Eglin AFB [contract] wound down . . . . McDougal further represented that Alequin would have a job within ERC when the Eglin A.F.B. contract wound down."

Defendant ERC demurs to the Count II breach of contract claim on the grounds that it fails to state a claim upon which relief can be granted. Defendant bases the demurrer on the presumption that an employment contract which is silent on duration is terminable at will.

In Virginia, it is well-recognized that where no specific time is fixed for the duration of employment, there is a rebuttable presumption that the employment is terminable at the will of either party. *Sea-Land Service, Inc. v. O'Neal*, 224 Va. 343, 349 (1982). Cases are clear, however, that the employment-at-will presumption is not rebutted by mere oral assurances of job security. *Addison v. Amalgamated Clothing & Textile Workers Union of America*, 236 Va. 233, 372 S.E.2d 403, 405 (1988) (employer's assurances that plaintiff could have a job "as long as he wanted one and as long as one existed" insufficient to rebut the presumption); *Sullivan v. Snap-On Tools Corp.*, 708 F. Supp. 750 (E.D. Va. 1989) (oral assurances plaintiff would have job security "as long as he performed his duties to [employer's] satisfaction" insufficient to rebut presumption).

The oral statements relied on by plaintiff in his attempt to rebut the terminable-at-will presumption appear to be merely assurances of job security. The letter agreement endorsed by both parties *after* the alleged oral assurances makes no mention of either the Eglin A.F.B. contract or continued employment after the winding down of that contract. Plaintiff could have insisted that such terms be made a part of the contract. Since he failed to do so, he is barred by the termination-at-will presumption from implying such terms into the contract.

Finally, Plaintiff's reliance on the *Sea-Land* case is misplaced. Just as *Sea-Land* was inapposite to the facts of *Addison*, 236 Va. at 236, it is inapposite to the case at bar. In *Sea-Land*, the Virginia Supreme Court found that the agreement at issue was not subject to the terminable-at-will presumption at all. The court stated:

> [A]lthough Sea-Land may have had the right to terminate O'Neal's employment at will either while she was still a sales representative or in the event she became a teletype operator/messenger, the company did not dismiss her this way. Instead, it promised her that, if she resigned from the one position, she would be employed in the other. *This was an undertaking separate and apart from any contract covering the particular presumption of terminability at will that might have applied to such a contract.*

224 Va. at 349 (emphasis added) (*quoted in Addison*, 236 Va. at 236).

For all the foregoing reasons, defendant ERC's demurrer to Count II is sustained.