## CIRCUIT COURT OF ARLINGTON COUNTY

Robert I. Widder

v.

Eagle Research Group, Inc., et al.

December 5, 1991

Case No. (Law) 90–109

BY JUDGE PAUL F. SHERIDAN

A brief recitation of the operative facts alleged in the Motion for Judgment follows. On or about July 1, 1982, plaintiff accepted employment with defendant, Eagle Research Group, Inc. (hereinafter referred to as "ERG"). (Motion for Judgment, para. 1) Plaintiff accepted employment with ERG because the President and Vice President of ERG "promised him that the company would retain him if his work was satisfactory notwithstanding fluctuations in the corporation's work load." (Para. 2) Plaintiff allegedly brought in approximately $1,100,000.00 in business in the course of five plus years from the Institute for Defense Analyses ("IDA"). (Para. 3) In May of 1987, IDA asked plaintiff to leave ERG and work directly for IDA as a consultant on the contract plaintiff was working on for ERG. (Para. 4) Plaintiff discussed IDA's offer with the President and Vice President, who eventually convinced him to reject the offer by renewing their promise to plaintiff that when IDA's subcontract was terminated in September, 1987, there would be a contract with the Department of Energy which would be renewed for a minimum of three years. (Para. 6) For demurrer purposes, plaintiff justifiably relied on defendants' promise when he rejected IDA's employment offer. (Para. 7) Plaintiff was thereafter fired effective March 7, 1988, due to a lack of work. (Para. 8) Plaintiff allegedly discovered through EEOC proceedings that his job had been in jeopardy in December and claims that had he not been deceived by defendants' failure to disclose this information, he would have accepted IDA's

offer. (Para. 10) Plaintiff filed his Motion for Judgment on January 31, 1990. Plaintiff advances three theories of recovery: (1) promissory estoppel; (2) fraud; and (3) unjust enrichment.

## Discussion

On March 19, 1990, defendants filed a demurrer to plaintiff's Motion for Judgment on the following grounds:

1. The Motion for Judgment pleads no broken promise and no damage as to all counts.

2. Plaintiff alleges no damage or detriment in Counts I and II.

3. Plaintiff has not set forth the elements of the contract in Count I.

4. Count III alleges unjust enrichment but sets forth no injury to plaintiff.

"It is a well-settled rule that a demurrer to a pleading admits the truth of all matters of fact which have been properly pleaded." *Ames v. American National Bank,* 163 Va. 137 (1934). The facts admitted are those expressly alleged, those which are impliedly alleged, and those which may be fairly and justly inferred from the facts alleged. *Elliott v. Shore Stop, Inc.,* 238 Va. 237, 240 (1989), quoting *Bowman v. State Bank of Keysville,* 229 Va. 534, 536, 331 S.E.2d 797, 798 (1985).

Virginia follows the common-law rule that "[w]hen the intended duration of a contract for the rendition of services cannot be determined by fair inference from the terms of the contract, then either party is at liberty to terminate the contract and will, upon giving the other party reasonable notice." *Miller v. SEVAMP, Inc.,* 234 Va. 462, 465 (1987), citing *Bowman v. State Bank of Keysville,* 229 Va. 534, 535, 331 S.E.2d 797, 798 (1985); *Stonega Coal and Coke Co. v. Louisville and Nashville Railroad Co.,* 106 Va. 223, 226, 55 S.E. 551, 552 (1906). A pleading for recovery of damages for termination of an at will employment contract, not supported by substantial additional considerations, is usually demurrable. *Miller,* 234 Va. at 466, citing *Plaskitt v. Black Diamond Trailer Co.,* 209 Va. 460, 164 S.E.2d 645 (1968).

But plaintiff alleges that he was promised employment and that the company would retain him if work was satisfactory, notwithstanding fluctuations in the workload. (Para. 2) Plaintiff further alleges that when he discussed IDA's employment offer with the

President and Vice President of ERG, they "convinced him to reject the offer by renewing their promise to him that . . . there would be other work for him to do . . . ." Plaintiff contends that this renewed promise provided sufficient "additional consideration" to remove it from the category of an employment at will contract. *See, Sea-Land Service, Inc. v. O'Neal,* 224 Va. 343 (1982); *Addison v. Amalgamated Clothing Workers,* 236 Va. 233 (1988). For purposes of this ruling, plaintiff's allegations implied and justly inferred are thus sufficient to overrule the demurrer.

## Count I: *Promissory Estoppel*

Plaintiff in Count I alleges that plaintiff refused an offer for employment with IDA based on defendant's promise of continued employment. Section 90 of the Restatement (First) of Contracts (1932) defines promissory estoppel as:

> A promise which the promisor should reasonably expect to induce action or forbearance of a defendant and substantial character on the part of the promisee and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise.

"To establish promissory estoppel, there must be proven the following elements: (1) a promise; (2) reasonable and foreseeable reliance on the promise; (3) resulting detrimental actions or forbearance by the promisee, (4) injustice avoidable only by enforcement of the promise," *In re MBA, Inc.,* 51 B.R. 966 (Bankruptcy E.D. Va. 1985), citing *Granfield v. Catholic University of America,* 530 F.2d 1035 (D.C. Cir.), *cert. denied,* 429 U.S. 821, 97 S. Ct. 68, 50 L. Ed. 2d 81 (1976), plaintiff's assertions under Count I are sufficient to raise a claim for promissory estoppel. Therefore, defendant's demurrer to Count I is overruled.

## Count II: *Fraud*

Defendants contend that this count is deficient for failure to allege damage. Plaintiff's motion for judgment seeks compensatory damages as to each count in the amount of $300,000.00. Such allegations of damage are sufficient to overcome a demurrer. *American Bonding & Trust Co. v. Milstead,* 102 Va. 683 (1904). Defendants' demurrer on that issue is overruled.

Count III: *Unjust Enrichment*

Defendant asserts that this count is deficient for failure to allege that defendants were enriched as a result of plaintiff's actions. But the motion for judgment asserts that plaintiff brought in $1,100,000 worth of business. (Para. 5) Plaintiff further alleges that because he remained with ERG, IDA retained their contract with ERG. Fundamental rules of pleading require that:

> the facts be so stated as to fairly apprise the court and the defendant of the nature of the cause of action upon which plaintiff relies. If the facts are sufficient in substance but different in detail, the defendant's remedy is not by demurrer but by motion for bill of particulars.

*Miller v. Johnson, Inc.*, 191 Va. 768, 776 (1951).

Defendants' demurrer to Count III is overruled.