**CIRCUIT COURT OF FAIRFAX COUNTY**

Westray

v.

Casual Concepts, Inc., et al.

April 2, 1992

Case No. (Law) 107623

By Judge Thomas S. Kenny

This matter came before the Court on defendants' Motion for Summary Judgment. The motion is granted in part and denied in part based on the reasons set forth below.

Defendants Casual Concepts, Inc., and Tandy Crafts, Inc., are corporations authorized to do business in Virginia, with offices in Fairfax County. On or about May 21, 1989, the plaintiff, Mr. Westray, and the defendants entered into an employment contract. Westray claims that the terms of this employment agreement include (i) certain employee manuals and written policy statements by Defendants, and (ii) an oral representation by Defendants' president that Plaintiff would be given thirty days' notice before being terminated for any reason whatsoever. In June of 1991, the defendants terminated Westray's employment. Westray alleges this is a breach of contract and brought suit seeking $50,000 in lost wages and bonuses.

The defendants brought a Motion for Summary Judgment on the grounds that Westray was an at-will employee and that his claims are barred by the Statute of Frauds.

Where an employer and employee have not fixed a specific duration of employment, there is a rebuttable presumption that employment is at will. *Addison v. Amalgamated Clothing and Textile Workers Union of America*, 236 Va. 233 (1988); *Miller v. SEVAMP, Inc.*, 234 Va. 462 (1987). Occasionally, employee handbooks have been used to rebut this presumption when they indicate that the em-

ployment is not at will but can only be terminated for "just cause." *Thompson v. American Motor Inns, Inc.*, 623 F. Supp. 409 (E.D. Va. 1985). However, in the present case, the documents introduced by Westray only reenforce the at-will status of his employment. *See, Policies and Benefits* manual of July 1, 1988, unit III-2. Even the alleged statement by Mr. Gehring, President of Casual Concepts, indicated that Westray could be terminated for any reason whatsoever. Thus, the defendant is granted summary judgment on the issue of whether Westray was terminable at will.

However, there remains the issue of whether Westray was given proper notice of his termination. The handbooks indicate that he was to be given a week's notice if terminated for "lack of work or inability to do the job successfully." Westray alleges, however, that Gehring told Westray that he would give him a thirty-day warning before Westray could be terminated for any reason whatsoever. Thus, there remains a jury question of whether Westray was given proper notice. The defendants seek summary judgment because, they argue, even if Gehring made the alleged statement, it would be unenforceable because it falls within the Statute of Frauds as an oral contract that cannot be performed in one year. Code of Va. § 11–2(8). Summary judgment is denied on this issue because the Court finds that the promise of thirty days' notice is outside the Statute of Frauds and can be performed within one year. Because termination is at will, the defendants could have waited until the twenty-ninth day of the tenth month to give Westray notice and still have performed the contract within one year. This situation is distinguishable from some "just cause" termination cases, in which other courts have held that those contracts went beyond a year and could only be breached within a year.

If the jury should find that Westray was entitled to thirty days' notice, his damages will be limited to the difference in amount of severance pay he received, and the thirty days' severance he would have received had proper notice been given, plus any other foreseeable consequential damages. He will not be entitled to continued employment benefits, wages, and/or commissions beyond the thirty days.