## CIRCUIT COURT OF FAIRFAX COUNTY

Cordant, Inc.

v.

Ogden Government
Services Corp. et al.

March 14, 1994

Case No. (Law) 125594

BY JUDGE THOMAS S. KENNY

This matter is before the court on the demurrer of defendants Ogden Government Services Corp., Lenzar Electro-Optics, Inc., and W. J. Schafer Associates, Inc., to the Amended Motion for Judgment of plaintiff Cordant, Inc. After hearing oral argument on March 4, 1994, I sustained the demurrer to Count II with leave to amend within fourteen days of the hearing, overruled the demurrer as to Counts VI through IX, and reserved my ruling on the demurrer to Counts III through V. For the reasons set forth below, defendants' Demurrer to Counts III through V will be overruled.

Defendants Ogden, Lenzar, and Schafer demurred to Counts III through V on the ground that the doctrine of promissory estoppel has never been expressly endorsed as the basis for a cause of action in Virginia.

Plaintiff Cordant opposed defendants' demurrer to these counts on the ground that the doctrine of promissory estoppel, though never expressly recognized, has never been expressly rejected either.

The Supreme Court of Virginia has considered the doctrine on at least two prior occasions. In *Dial v. Deskins*, 221 Va. 701 (1981), the court stated that, even if the plaintiff's Motion for Judgment was read to raise a promissory estoppel claim, the plaintiff had not established the requisite facts to maintain his cause of action. *Dial*, at 703, n. 2. Subsequently, in *Stone Printing and Mfg. Co. v. Dogan*, 234 Va. 163 (1987), the court chose to "assume without deciding that the doctrine of promissory estoppel applies in Virginia." The court cited to the

following Restatement (Second) of Contracts, § 90 definition of promissory estoppel:

> [A] promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee . . . and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise.

*Stone Printing*, at 165.

Applying this definition to the facts of the case, the court affirmed the trial court's ruling that the plaintiff had not made out his case on his promissory estoppel claims. *Stone Printing*, at 166–167.

The Circuit Courts of Virginia have also considered the doctrine, in the context of employment contracts. In *Mullineaux v. Salem Technical Services, Inc.*, 17 Va. Cir. 16 (Fairfax Cir. Ct. 1988), the court, in overruling defendants' demurrer, held that the doctrine could be pleaded as an exception to the presumption that employment contracts in Virginia are at-will. In terms of the elements that must be pleaded, the court referred to the above definition from the Restatement for guidance. *Mullineaux*, at 17. Likewise, in *Widder v. Eagle Research Group, Inc.*, 26 Va. Cir. 99 (Arlington Cir. Ct. 1991), the court, also overruling defendants' demurrer, held that a promissory estoppel claim could be maintained if the following elements were adequately pleaded:

> (1) a promise; (2) reasonable and foreseeable reliance on the promise; (3) resulting detrimental actions or forbearance by the promisee; (4) injustice avoidable only by enforcement of the promise.

*Widder*, at 101, citing *In re MBA, Inc.*, 51 B.R. 966 (Bankruptcy E.D. Va. 1985).

No Virginia cases have been submitted which reject promissory estoppel as a permissible cause of action in Virginia. In view of the Supreme Court's tolerant comments in the cases cited, I will accept it as a cause of action which would be proven by the establishment of the elements set out by the Restatement.

Here, Counts III through V of Cordant's Amended Motion for Judgment contained the following allegations: (1) Defendants Ogden, Schafer, and Lenzar promised that they would deliver the digitizers if plaintiff Cordant was awarded the Prime Contract by the Air Force; (2) Defendants broke their promises by not delivering the digitizers; (3)

Plaintiff justifiably and reasonably relied on the promises; (4) Plaintiff materially changed its position in reliance on the promises; and (5) Plaintiff sustained injury in reliance on the promises because it was compelled to obtain substitute digitizers from alternative sources at higher cost. In terms of the Restatement of Contracts definition discussed in the *Stone Printing* opinion, plaintiff has adequately pleaded the elements of promissory estoppel.

Therefore, defendants' demurrer to Counts III through V is overruled.